Adonai EL–SHADDAI, a.k.a.
Wilkerson, Plaintiff–
Appellant,

v.

Jeanne WOODFORD; et al.,
Defendants–Appellees.

No. 07–16415.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008 *.

Filed Jan. 15, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adonai El–Shaddai, Corcoran, CA, pro se.

Megan R. O'Carroll, AGCA—Office of the California Attorney General (SAC), Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE and RYMER, Circuit Judges.

## MEMORANDUM **

Adonai El–Shaddai, a California state prisoner, appeals pro se from the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that prison officials confiscated and destroyed his personal property in violation of his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because El–Shaddai failed to raise a triable issue of material fact as to whether the prison's inmate property policy violated his constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 89–90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (explaining that a prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests); *Hudson v. Palmer*, 468 U.S. 517, 525–26, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (stating that prisoners have no Fourth Amendment right of privacy in their prison cells); *Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a liberty interest is created if the deprivation "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

Further, El–Shaddai cannot establish a section 1983 claim for intentional deprivation of property without due process of law, because California law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533, 104 S.Ct. 3194 (holding that a prisoner cannot state a constitutional claim for deprivation of a property interest where the state provides an adequate post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) ("California law provides an adequate post-deprivation remedy for any property deprivations.").

El–Shaddai's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.